IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE CANO-VALENCIA | ) | CASE NO. 4:10CV2687 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| JASON COMINSKY | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

Plaintiff *pro se* Jose Cano-Valencia, confined in the Northeast Ohio Correctional Center, Youngstown, Ohio, filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Jason Cominsky, a hearing officer employed by the prison. He alleges that he was sexually molested by a prison officer, and asked the Defendant to tell the officer to leave him alone. Defendant allegedly refused to help him. Plaintiff requests compensatory damages for sexual harassment and that Defendant be required to keep a distance of 100 yards. Also, before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 3).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reason stated below, this action is dismissed pursuant to section 1915(e).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* A complaint does not suffice if it tenders naked assertions devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

Plaintiff asserts that he was molested by an officer who is not a party to this case. However, he requests damages and a no contact order regarding a hearing officer. The allegations and the demand for relief do not coincide. Further, there is nothing in the Complaint indicating that a hearing officer had the responsibility to help Plaintiff after the assault, nor does the complaint allege that the hearing officer knew about the assault before it occurred and failed to act. Therefore, the Court is unable to ascertain a viable cause of action within the complaint.

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* is granted. This action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. §1915(a)(3),

that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.


Date:  February 14, 2011                                    */s/ John R. Adams*
                                                              JUDGE JOHN R. ADAMS
                                                              UNITED STATES DISTRICT JUDGE